## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LTC HOLDINGS, INC., *et al.*, | Case No. 14-11111 (CSS) |
| Debtors. | (Jointly Administered) |
| | |
| CLARK HILL PLC, | Chapter 7 |
| Plaintiff, | Adv. Proc. No. 17-_____(CSS) |
| v. | |
| LTCCORP GOVERNMENT SERVICES-MI, INC., | |
| Defendant. | |

### COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND EXTENT OF THE LIEN OF CLARK HILL PLC

Clark Hill PLC ("Clark Hill") for its Complaint to Determine Validity, Priority, and Extent of Lien against LTCCorp Government Services-MI, Inc. (the "Debtor") states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334, and Rules 3012 and 7001(2) of the Federal Rules of Bankruptcy Procedure.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (A), (K) and (O).

**Parties**

4.      Clark Hill is an entrepreneurial full service law firm serving clients in all areas of business legal services, government and public affairs, and personal legal services.

5.      Prior to the Petition Date, the Debtor was a construction management company operating in various areas including water/waste water, environmental, highway/road/bridge, aviation, and port/marine with various federal, state, and municipal entities and worked on many different ongoing projects (the "Projects"). The Debtor is also known as: Lakeshore Engineering Services, Inc.; Lakeshore Group; LTC Corp Michigan; and LTC Michigan.

**Background**

6.      On May 2, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Chapter 7 Case").

7.      After the Debtor filed the Chapter 7 Case, its assets and liabilities were surrendered to the chapter 7 trustee, Alfred T. Giulaino ("Trustee").

8.      Prior to the Petition Date the Debtor hired Clark Hill to represent it in several construction litigation matters throughout the country.

9.      On or about November 3, 2010, the Debtor, acting under the name Lakeshore Engineering Services, Inc., retained Clark Hill to sue the Richmond Utilities Board and HDR Engineering, Inc. for an unpaid contract balance and for additional compensation in connection with a sewer construction project in Richmond, Kentucky.

10.      With the assistance of local counsel in Kentucky, Clark Hill prepared a complaint (the "USDC Complaint"), filed it in the United States District Court for the Eastern District of

2

Kentucky on April 24, 2012 and thereafter prosecuted the USDC Complaint on behalf of the Debtor (the "Kentucky Action").

11.     The parties to the Kentucky Action scheduled a tentative meeting for May 2014 to explore settlement, and Clark Hill believed the meeting could have resulted in a substantial settlement, but the meeting was canceled after the Debtor filed its bankruptcy petition.

12.     Less than one week after the Petition Date, on May 7, 2014, and again on May 15, 2014, Clark Hill advised the Trustee of its unpaid fees and costs in the Kentucky Action and of the attorney's charging lien securing those fees and costs  (the "Attorney's Lien").  (Copies of Clark Hill's correspondence with the Trustee and his counsel regarding the Kentucky Action are attached as Exhibit 1.)

13.     Clark Hill also provided background information to the Trustee on the Kentucky Action and other pending legal matters in which Clark Hill represented the Debtor.  Clark Hill offered to continue prosecuting the Kentucky Action on behalf of the Trustee as successor to the Debtor and advised the Trustee that a meeting of the parties involved in that matter would likely result in a settlement.

14.     On October 23, 2014, Clark Hill again informed the Trustee of the Attorney's Lien (the "October 23rd Letter").  (A copy of the October 23rd Letter is attached as Exhibit 2.)

15.     On November 14, 2014, just a few weeks after the October 23rd Letter, the Trustee's law firm was substituted as counsel to the Debtor in the Kentucky Action, which thereafter settled for $350,000 (the "Settlement Proceeds").  (A copy of the settlement agreement resolving the Kentucky action is attached as Exhibit 3.)

3

16.     When Clark Hill learned of the settlement, it contacted the counsel to the Trustee regarding the Attorney's Lien on the Settlement Proceeds, but the Trustee refused to acknowledge the Attorney's Lien.

17.     As of the Petition Date, Clark Hill's unpaid legal fees and costs in connection with the Kentucky Action totaled $184,321.80, consisting of $180,237.10 in fees and $4,084.70 in costs.  (A list of Clark Hill's outstanding invoices is attached as Exhibit 4.)[1]

18.     The Attorney's Lien attaches to the Settlement Proceeds under Kentucky and/or other applicable state law.  (*See, e.g.,* Kentucky Revised Statute §376.460, which provides in part that: "Each attorney shall have a lien upon all claims, except those of the state, put into his hands for suit or collection or upon which suit has been instituted, for the amount of any fee agreed upon by the parties. . .")

### Claim

19.     The Attorney's Lien is a valid state law lien on the Settlement Proceeds.

20.     The Attorney's Lien is a first-priority lien under applicable state law.

21.     The Attorney's Lien secures Clark Hill's claim against the Debtor to the extent of $184,321.80.

WHEREFORE, Clark Hill requests that this Court enter its judgment (a) determining that the Attorney's Lien is a valid, first-priority lien on the Settlement Proceeds to the extent of $184,321.80; (b) authorizing and directing the Trustee to pay Clark Hill that amount forthwith; and (c) granting such other relief as this Court deems just and equitable under the circumstances.

---

[1] Clark Hill has also filed proofs of claim asserting unsecured claims against the Debtor for unpaid legal fees in other matters that were not subject to an Attorney's Lien.

205141883.7 34221.140622

Dated:  January 13, 2017

Respectfully submitted,

CLARK HILL PLC

*/s/ Karen M. Grivner*
Karen M. Grivner (DE No. 4372)
824 N. Market St., Suite 710
Wilmington, DE  19801
Tel: (302) 250-4750
Fax: (302) 421-9439
kgrivner@clarkhill.com

and

David M. Hayes
Peter A. Jackson
Clark Hill, PLC
500 Woodward Ave., Suite 3500
Detroit, Michigan 48226
Tel: (313) 965-8500
Fax: (313) 309-6920
dhayes@clarkhill.com
pjackson@clarkhill.com

205141883.7 34221.140622